**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| *In re: Fe'Anah Bent Maryam/Mayam litigation* | Civil Action Nos. 1:23-cv-01212-SDG; 1:23-cv-01213-SDG; 1:23-cv-01214-SDG; 1:23-cv-01215-SDG; 1:23-cv-01217-SDG; 1:23-cv-01218-SDG; 1:23-cv-01219-SDG; 1:23-cv-01258-SDG; 1:23-cv-02154-SDG; 1:23-cv-02155-SDG; 1:23-cv-02156-SDG; 1:23-cv-02157-SDG; 1:23-cv-02158-SDG; 1:23-cv-02159-SDG; 1:23-cv-02299-SDG; 1:23-cv-02301-SDG; 1:23-cv-02302-SDG; 1:23-cv-02303-SDG; 1:23-cv-02376-SDG; 1:23-cv-02377-SDG; 1:23-cv-02378-SDG; 1:23-cv-02379-SDG; 1:23-cv-02546-SDG; 1:23-cv-02619-SDG; 1:23-cv-03142-SDG. |

**ORDER**

These cases are before the Court on frivolity review of complaints filed by Plaintiff pursuant to 28 U.S.C. § 1915(e)(2). The complaints in each of these cases fail frivolity review for various reasons, as discussed below.[1]

## I.   Applicable Legal Standards

Section 1915 requires the Court to dismiss any action that is frivolous or that fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carrol v. Gross*, 984 F.2d 393, 393 (11th Cir. 1993) (per curiam) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam). A claim that is arguable, "but ultimately will be unsuccessful, . . . should survive frivolity review." *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

---

[1]   Undersigned reviewed the docket of each individual case captioned above and identified no apparent conflicts.

To state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).

Plaintiff filed her complaints *pro se*. Accordingly, the Court must construe the complaints leniently and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and punctuation omitted). *See also Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132

F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## II. Discussion

Plaintiff's claims are frivolous in a variety of ways. In all of the complaints subject to this Order, Plaintiff provides no statement of her claim whatsoever—she simply lists various causes of action. For example, in 1:23-cv-01214, under the "Statement of Claim" portion of her Complaint, she states: defamation, discrimination, civil rights, breach of duty, and libel. She also states that she is "asking for compensation and punitive damages."[2] But she provides no facts showing how Defendant allegedly engaged in such conduct. As another example, in 1:23-cv-01217, she requests "that Grady Memorial Hospital pay 900 Billion for pain and suffering, tort, negligence, lethal injection that cause permanent damages."[3] She fails to provide any explanation of the basis of her claims or any factual allegations that would give rise to such claims. This is true of all the complaints subject to this Order. There is no way to determine in what conduct the defendants allegedly engaged that supports her claims.

---

[2]   1:23-cv-01214, ECF 3, at 4.

[3]   1:23-cv-01217, ECF 3, at 4.

Further, even if Plaintiff had provided factual allegations, she brings claims against many defendants that cannot be sued or identified whatsoever. For example, the IRS, which she sues in 1:23-cv-01214, is not an entity that can be sued. *Diamond v. Internal Revenue Serv.*, CA 19-1006-CG-MU, 2019 WL 6872842, at *1 (S.D. Ala. Nov. 25, 2019)(citing authorities). Even if the Court were to treat this suit as one against the United States, which would be the properly named party, it still cannot survive frivolity review. *See generally id.*

As another example, Plaintiff attempts to sue the "Office of General Counsel, Region IV"[4] and "9th Grade Stem Academy."[5] Even assuming the complaints plausibly stated a claim and could otherwise survive frivolity review, which it does not, identifying the defendants in such a vague manner makes it impractical if not impossible to discern which entity would need to be served with notice of the suit. Additionally, while Plaintiff sometimes attached documents to her complaints,[6] the complaints themselves are entirely devoid of allegations that might otherwise assist the Court in understanding the context for those attached documents.

---

[4] 1:23-cv-1219.

[5] 1:23-cv-2158.

[6] 1:23-cv-1219; 1:23-cv-2159.

The lack of factual allegations in the complaints cannot plausibly support a claim. Nor do the complaints give fair notice of Plaintiff's claims to anyone or anything. *Twombly*, 550 U.S. at 555. Additionally, various named entities either cannot be sued or are not properly identified.

Accordingly, the Court finds that Plaintiff's complaints are subject to dismissal under Section 1915(e) and **ORDERS** that they be dismissed without prejudice. The Clerk is **DIRECTED** to **CLOSE** these cases: 1:23-cv-01212-SDG; 1:23-cv-01213-SDG; 1:23-cv-01214-SDG; 1:23-cv-01215-SDG; 1:23-cv-01217-SDG; 1:23-cv-01218-SDG; 1:23-cv-01219-SDG; 1:23-cv-01258-SDG; 1:23-cv-02154-SDG; 1:23-cv-02155-SDG; 1:23-cv-02156-SDG; 1:23-cv-02157-SDG; 1:23-cv-02158-SDG; 1:23-cv-02159-SDG; 1:23-cv-02299-SDG; 1:23-cv-02301-SDG; 1:23-cv-02302-SDG; 1:23-cv-02303-SDG; 1:23-cv-02376-SDG; 1:23-cv-02377-SDG; 1:23-cv-02378-SDG; 1:23-cv-02379-SDG; 1:23-cv-02546-SDG; 1:23-cv-02619-SDG; 1:23-cv-03142-SDG.

**SO ORDERED** this 29th day of February, 2024.

Steven D. Grimberg
United States District Court Judge